# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LADARIUS D. ROBINSON | CIVIL ACTION NO. 18-0324 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| SHREVEPORT POLICE DEPARTMENT OFFICERS, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Plaintiff Ladarius D. Robinson is incarcerated at Caddo Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on March 13, 2018, under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] He names "Shreveport Police Department Officers," "US Marshals Office," "Cpl. Hammer," and "K9 Juice" as Defendants.[2]

## Background

Plaintiff alleges that, on October 5, 2017, officers with the Shreveport Police Department and the United States Marshals Service pursued him. Officers then searched his grandmother's home pursuant to a warrant and located him in a closet. Plaintiff claims that Defendant "K9 Juice," a police dog, attacked him in the closet. After Plaintiff screamed for help, Defendant Hammer found Plaintiff and began to kick and punch him for a "lengthy time."

---

[1] Plaintiff filed his Complaint under 42 U.S.C. § 1983. However, as one Defendant, the United States Marshals Service, is a federal agency, Plaintiff's claims also arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes civil rights suits against federal employees or agents.

[2] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that, once officers pulled him from the closet and placed him in handcuffs, Defendant Hammer allowed the police dog to "once again rip open [his] flesh," resulting in injuries to his right arm and permanent damage to his left hand.  Plaintiff faults Defendants for excessive force and for failing to protect him.  He seeks "monetary gain" for his injuries.

**<u>Amendment</u>**

While Federal Rule of Civil Procedure 8 does not require explicit detail, it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendants.  In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations.  Before proceeding further, Plaintiff should amend his Complaint, provide the information outlined below, and remedy the deficiencies described below.  See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). At the very least, Plaintiff should provide:

>(1) the name of each person who allegedly violated his constitutional rights;
>
>(2) a separate description of what, exactly, each person did to violate Plaintiff's rights; in other words, a description of how each person participated in the violation of his constitutional rights;
>
>(3) a description of the injury, if any, sustained as a result of each alleged violation; and
>
>(4) the specific place and date that each event occurred.

Plaintiff should also clarify the relief he seeks.

**1. United States Marshals Service**

Plaintiff's claims against the "U.S. Marshals Office" are barred by the doctrine of sovereign immunity. While Plaintiff may bring a *Bivens* action against individual federal officials for alleged constitutional violations, he may not bring an action against the United States or its agencies. See *Gibson v. Federal Bureau of Prisons*, 121 Fed. App'x. 549, 551 (5th Cir. 2004); *Trapp v. U.S. Marshals Serv.*, 139 F. App'x 12 (10th Cir. 2005) (holding that sovereign immunity barred suit against the United States Marshals Service). The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief.[3] *Oladipupo v. Austin*, 104 F. Supp. 2d 623, 624-25 (W.D. La. 2000). Here, accordingly, Plaintiff should amend and withdraw his claims against the U.S. Marshals Office.

**2. *Heck v. Humphrey* and *Wallace v. Kato* Considerations**

Plaintiff does not identify the crimes with which he was charged, and he does not state whether charges are pending, whether he was convicted of any charges, or whether any conviction was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. To the extent a plaintiff's charges are

---

[3] Even if the United States Marshals Service was not protected by sovereign immunity, a *Bivens* action may not be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); see also *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (recognizing the holding in *Meyer* that *Bivens* does not permit suit against an agency that waived sovereign immunity).

pending, and to the extent the plaintiff's claims relate to rulings that will likely be made in a pending or anticipated criminal trial, a court is authorized to to stay the plaintiff's claims. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Here, Plaintiff should amend his Complaint and provide: (1) the crimes with which he was charged arising out of his October 6, 2017 arrest; (2) whether he was convicted and which charges resulted in convictions; (3) whether any conviction was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus; and (4) the documents associated with any charges or proceedings related to the incident in question.

### 3. Unidentified Officers

Plaintiff names "Shreveport Police Department Officers" as Defendants. This is not prohibited, but the Court reminds Plaintiff of his obligation to uncover the individual officers' identities through discovery and to amend his Complaint when he identifies them. Plaintiff should also be mindful of the one-year prescriptive period for his claims and the Fifth Circuit's holding that amendments to substitute a named party for a John Doe may not relate back to the date of the original filing. *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998); but see *Sanchez v. Tangipahoa Par. Sheriff's Off.*, 2010 WL 1729381 (E.D. La. Apr. 22, 2010) (holding that, under Louisiana tolling principles, prescription is interrupted for the John Doe defendants by the filing of a complaint against a named defendant in a § 1983 suit if the defendants are joint tortfeasors); *Authement v. Wilkinson*, 2017 WL 3510790 at *5 (W.D. La. Jul. 11, 2017).

### 4. Police Canine

Plaintiff names a police canine, "Juice," as a Defendant. A police canine, however, is not a "person" under 42 U.S.C. § 1983 (emphasis supplied), which provides in part: "Every *person*

who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." *Ohlsson v. Normand*, 2011 WL 3563207, at *1–2 (E.D. La. July 27, 2011) (collecting cases), report and recommendation adopted, 2011 WL 3563292 (E.D. La. Aug. 12, 2011); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). Thus, Plaintiff should amend and withdraw his claim against "K9 Juice."

**5. Excessive Force**

Plaintiff claims that officers utilized excessive force. Claims that law enforcement officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 109 S. Ct. 1865, 1871 (1989). "To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized. Next she must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citations removed).

"The use of force must be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider in determining whether the force was objectively reasonable include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citations and internal quotations omitted).

Here, Plaintiff should amend his Complaint and detail, for example, the severity of the

crime(s) for which officers were pursing him, whether he was armed or threatening officers, whether he resisted arrest, and whether he attempted to evade law enforcement. In other words, Plaintiff should amend and allege facts relevant to whether officers applied unreasonable force under the circumstances.

**6. Failure to Protect**

Plaintiff writes vaguely: "failure to protect." An officer may be liable for failing to protect an individual if the officer (1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent the harm, and (3) chooses not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Here, Plaintiff should amend and explain his claim in light of the standard above. He should, for example, identify who failed to protect him and detail the circumstances surrounding the alleged failure to protect.

### Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Ladarius D. Robinson shall amend his Complaint, within thirty (30) days of the filing of this Order, to cure the deficiencies outlined above. Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 14th day of May, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE